J-S25004-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| NOEL BROWN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ERIC TICE | : | No. 1472 WDA 2021 |

Appeal from the Order Entered November 18, 2021
In the Court of Common Pleas of Somerset County Civil Division at
No(s): No 549 Civil 2021

BEFORE: BENDER, P.J.E., DUBOW, J., and KING, J.

MEMORANDUM BY BENDER, P.J.E.:                **FILED: OCTOBER 24, 2022**

Appellant, Noel Brown, appeals *pro se* from the trial court's November 18, 2021 order denying his petition for writ of *habeas corpus*. Appellant contends his incarceration is illegal because he was ostensibly denied his right to counsel at various stages of the trial proceedings in his underlying criminal case. We affirm.

This Court previously summarized the facts and procedural history of Appellant's underlying criminal case, which was filed and prosecuted in the Wayne County Court of Common Pleas, as follows:

> The record reveals that on June 29, 2016, A.C., the fifteen-year-old victim in this case, was reported as a runaway. A.C. had answered an online advertisement seeking escorts and strippers. On that day, A.C. left her mother's house with Appellant. By tracking A.C.'s cellular telephone, Pennsylvania State Police were able to locate A.C. at a local motel. When the police arrived, they noticed that A.C. appeared intoxicated; A.C. stated that Appellant had given her vodka. The troopers transported A.C. to the State

Police barracks and questioned her regarding the events of the prior evening. A.C. told the troopers that she had answered an online advertisement for escorts, and Appellant picked her up and drove her to the motel. At the motel, Appellant provided A.C. with liquor, and A.C. fell asleep. Police discovered that after A.C. fell asleep, Appellant undressed A.C., exposed her breasts, took a photograph of the minor's breasts, and placed the photograph online in an effort to utilize A.C. as a prostitute. Police also recovered a document signed by A.C. wherein she agreed to work for Appellant, and Appellant would act as her pimp.

Police arrested Appellant and charged him with numerous crimes in connection with the aforementioned events. At the preliminary hearing before a magisterial district judge, there was a colloquy consistent with **Commonwealth v. Grazier**, 713 A.2d 81, 82 (Pa. 1998),[1] and a thorough discussion of the factors outlined in Pa.R.Crim.P. 121(A)(2) concerning *pro se* representation. N.T., 7/18/16, at 8. At the subsequent hearing on pretrial motions, Appellant informed the trial court that he remained steadfast in his desire to represent himself. N.T., 10/3/16, at 4. The trial court questioned Appellant, urged him to retain counsel, and informed Appellant that the court would appoint counsel. **Id.** Appellant reiterated that he would not accept counsel and would represent himself. **Id.** The trial court ultimately permitted Appellant to proceed *pro se*, but the trial court appointed standby counsel. **Id.** Following a jury trial, Appellant was found guilty of interference with custody of children, dissemination of photos of child sex acts, corruption of minors, furnishing liquor to minors, and trafficking [] minors.[1]

[1] In **Commonwealth v. Grazier**, 713 A.2d 81, 82 (Pa. 1998), the Supreme Court of Pennsylvania held that when a defendant wishes to waive counsel, an on-the-record determination should be made that said waiver is knowing, intelligent, and voluntary.

---

[1] 18 Pa.C.S. § 2904(a), 18 Pa.C.S. § 6312(c), 18 Pa.C.S. § 6301(a)(1)(ii), 18 Pa.C.S. § 3011(b), and 18 Pa.C.S. § 6310.1(a), respectively.

*Commonwealth v. Brown*, No. 649 EDA 2017, unpublished memorandum at 1-3 (Pa. Super. filed Oct. 23, 2017) (some citations to the record and two footnotes omitted).

On February 3, 2017, the Wayne County trial court sentenced Appellant to an aggregate term of 180 to 384 months' incarceration. He filed a timely, *pro se* appeal, and we affirmed his judgment of sentence after concluding that Appellant had waived his issues for our review due to the "overwhelming deficiencies" in his *pro se* brief. *Id.* at 4.

In 2018, Appellant filed a *pro se* petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Counsel was appointed and subsequently filed a 'no-merit' letter and petition to withdraw. The PCRA court ultimately dismissed Appellant's petition and granted counsel leave to withdraw. Appellant filed a timely, *pro se* appeal, but we dismissed his appeal, again on the basis that Appellant had filed a wholly deficient brief. *See Commonwealth v. Brown*, 2388 EDA 2019, unpublished memorandum at 6-7 (Pa. Super. filed Mar. 24, 2020).

Appellant, who is currently serving his sentence in the State Correctional Institution at Somerset ("SCI Somerset"), filed a petition for writ of *habeas corpus* on September 30, 2021, in the Court of Common Pleas of Somerset County. Appellant named Eric Tice — the purported warden of SCI Somerset — as the respondent, and vaguely claimed that Tice was illegally detaining him. On October 19, 2021, the trial court denied the petition, without

prejudice, based on Appellant's failing to set forth specific facts to make out a *prima facie* case for the issuance of the writ.

On November 2, 2021, Appellant again filed, in the Somerset County Court of Common Pleas, a petition for writ of *habeas corpus*, which he construed as an amendment to his prior-filed petition. Therein, Appellant raised various new claims, including, *inter alia*, that his rights to a speedy and public trial were violated, that his due process rights were violated by a suggestive identification procedure, that certain evidence should have been suppressed at trial, that the trial court erred by not granting Appellant's request for a continuance at one point during the trial, and that the jury *voir dire* process was invalid. On November 18, 2021, the court denied Appellant's petition. He filed a timely, *pro se* notice of appeal on December 8, 2021. In his subsequently-filed, *pro se* brief (which does not adhere to the Rules of Appellate Procedure in any meaningful fashion), Appellant seemingly raises a wholly new claim that he was denied his right to counsel at various stages of his criminal prosecution and, thus, that his incarceration is illegal.

Initially, the PCRA provides "the sole means of obtaining [post-conviction] collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist…, including *habeas corpus* and *coram nobis*." 42 Pa.C.S. § 9542; *see also Commonwealth v. Fowler*, 930 A.2d 586, 591 (Pa. Super. 2007) ("It is equally well-settled that the PCRA provides the sole means for obtaining collateral review, and that any petition filed after the judgment of sentence becomes final will be treated as a PCRA

petition") (internal citation omitted). Furthermore, Pennsylvania Rule of Criminal Procedure 901(B) states that "[a] proceeding for post-conviction collateral relief shall be initiated by filing a petition and 3 copies **with the clerk of the court in which the defendant was convicted and sentenced**." Pa.R.Crim.P. 901(B) (emphasis added). Pennsylvania Rule of Criminal Procedure 902(A) requires that the petition shall bear the caption of the case in which relief is requested.

Here, Appellant's petition for writ of *habeas corpus* raises collateral attacks on the validity of his underlying criminal conviction that are cognizable under the PCRA. It must, therefore, be considered a PCRA petition pursuant to **Fowler**, **supra**. Notably, Appellant incorrectly filed his PCRA petition in the Court of Common Pleas of Somerset County, where he is currently serving his sentence, rather than in the Court of Common Pleas of Wayne County, in which he was convicted and sentenced. Appellant also mislabeled the caption of his petition, naming Eric Tice as the respondent, rather than providing the caption of his underlying criminal case in which he is seeking the requested relief. Accordingly, the Somerset County Court of Common Pleas could not have jurisdiction to grant Appellant PCRA relief from his conviction in the Wayne County Court of Common Pleas.[2]

---

[2] Moreover, because Appellant was sentenced in 2017, and his present PCRA petition was not filed until 2021, it is patently untimely, and he must plead and prove the applicability of one of the exceptions to the PCRA's one-year time-bar. **See** 42 Pa.C.S. § 9545(b)(1)(i)-(iii). Appellant failed to meet this
*(Footnote Continued Next Page)*

- 5 -

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/24/2022

---

burden in his *pro se* petition.  Thus, even if the Somerset County Court of Common Pleas was the proper court in which to file Appellant's petition, it lacked jurisdiction to grant him post-conviction relief.  **See Commonwealth v. Lawson**, 90 A.3d 1, 8 (Pa. Super. 2014) ("Because the instant PCRA petition was untimely and no exceptions apply, the PCRA court lacked jurisdiction to address the claims presented and grant relief.") (citing **Commonwealth v. Fairiror**, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that the PCRA court lacks jurisdiction to hear untimely petition).  Likewise, this Court lacks jurisdiction to consider the merits of Appellant's appeal from the denial of his untimely petition.  **Id.** (citing **Commonwealth v. Johnson**, 803 A.2d 1291, 1294 (Pa. Super. 2002) (holding that the Superior Court lacks jurisdiction to reach merits of appeal from untimely PCRA petition)).  Accordingly, we would affirm the order denying Appellant post-conviction relief on this basis, as well.